Dear Mr. Wimberley:
You requested reconsideration of the opinion of this office that found, based upon the facts submitted in the original opinion request, that the Acadia-St. Landry Hospital Home Health, LLP (the "Venture") is a quasi-public agency subject to audit by the Legislative Auditor pursuant to R.S. 24:5113.
R.S. 24:513 sets forth the powers and duties of the legislative auditor, and provides in Subsection (A)(1)(a) that the legislative auditor has the authority to compile financial statements and to examine, audit, or review the books and accounts of certain specified entities, including ". . . all public boards, commissions, agencies, departments, political subdivisions of the state, public officials and employees, . . . and all other public or quasi public agencies orbodies, hereinafter collectively referred to as the `auditee'." (Emphasis added).
R.S. 24:513(A)(1)(b) defines quasi public agency or body, as follows:
 (b) For the sole purpose of this Subsection, a quasi public agency or body is defined as:
 (i) An organization, either not for profit or for profit, created by the state of Louisiana or any political subdivision or agency thereof, any special district or authority, or unit of local government to perform a public purpose.
 (ii) An organization, either not for profit or for profit, that is a component unit of a governmental reporting entity, as defined under generally accepted accounting principles.
 (iii) An organization, either not for profit or for profit, created to perform a public purpose and having one or more of the following characteristics:
(aa) The governing body is elected by the general public.
 (bb) A majority of the governing body is appointed by or authorized to be appointed by a governmental entity or individual governmental official as a part of his official duties.
 (cc) The entity is the recipient of the proceeds of an ad valorem tax or general sales tax levied specifically for its operations.
 (dd) The entity is able to directly issue debt, the interest on which is exempt from federal taxation.
 (ee) The entity can be dissolved unilaterally by a governmental entity and its net assets assumed without compensation by that governmental entity.
 (iv) Any not-for-profit organization that receives and/or expends in excess of twenty-five thousand dollars in local and/or state assistance in any fiscal year. Assistance shall include grants, loans, transfers of property, awards, and direct appropriations of state and/or local public funds. Assistance shall not include guarantees, membership dues, vendor contracts for goods and services related to administrative support for a local or state assistance program, assistance to private or parochial schools, assistance to private colleges and universities, or benefits to individuals.
In the original opinion, we were advised that the Venture was created by the Acadia-St. Landry Hospital Service District No. 1 (the "District" or the "Hospital") and Acadian Home Care, Inc. ("Acadian") for the provision of home health care services to residents of the Hospital's service district, including private pay patients. We were also advised by the District's CPA that the Venture was considered a component unit of the District. Based upon that information, we opined that the Venture was a quasi public agency as defined in R.S. 24:513(A)(1)(b) and thus subject to audit by the Legislative Auditor.
In your request for reconsideration, you furnished this office with the following additional or revised information:
 1. The Hospital is not a Venture partner. The "Hospital" did not form the Venture, in fact the Hospital is not a party to the Venture. Rather, the Venture was entered into between Acadia-St. Landry Home Health, Inc. (hereafter "Company"), a non-profit corporation, and Acadian HomeCare, Inc. (hereinafter "Acadian"). The Company is a body corporate capable of entering into the Venture. The parties to the Venture together registered the Venture as a Registered Limited Liability Partnership solely to protect each party from the other party's non-venture liabilities.
 2. The Venture's operations are capitalized solely by Acadian, a private, Louisiana business corporation. Neither the Hospital nor the Company makes any capital contributions to the Venture so public funds are not expended by the Venture. The Venture does not receive tax proceeds, nor local or state assistance of any nature whatsoever. The sole financial obligation of the Hospital to the Venture was the contribution of the use of surplus furniture, equipment and inventory to initially establish and furnish the Venture's office on behalf of the Venture partner, the Company These items were surplus items remaining after the Hospital's home health agency ceased operations. (Section 5.6 of the Articles of Joint Venture).
 3. The Venture was created in anticipation of the drastic changes in the method of reimbursement for home health services by the Medicare Program. In 2000, Medicare instituted a prospective payment system for home health that prevented the Hospital from continuing to operate its home health agency effectively.
 4. To ensure that home health care services continued to be provided in the Acadia-St. Landry area, the Company entered into the Venture with Acadian to operate a branch office of Acadian in Church Point. Acadian's branch office which participates in the Venture is only one of nine home health offices operated by Acadian. The Venture provides home health services not only to residents of the Hospital's service district, but also to other areas. Many of the patients serviced by the Venture have absolutely no relationship with the Hospital, and the Hospital's patients only account for a portion of the services provided by the Venture.
 5. The Hospital does not participate in the governance of the Venture and cannot exercise control over the Venture or its operations. In addition, the Company participates equally in the governance of the venture but cannot exercise control over the Venture or its operations. (Section 6.3 of the Articles of Joint Venture.).
 6. There was a miscommunication between the undersigned and the Hospital's accountant, as the Hospital accountant has concluded, under the guidelines of the Governmental Accounting Standards Board Statement ("GASB") 14, does not treat the Venture as a component unit nor has the Venture previously been treated as a component unit of the Hospital. See the Hospital accountant's letter attached hereto as Exhibit A.[1]
 7. Other information which you supplied concerning the determination of the Venture as a component unit includes:
 a. The Venture has separate corporate powers which distinguishes it as being legally separate from the Hospital. The Venture is a registered limited liability partnership comprised of Acadia-St. Landry Home Health, Inc. a Louisiana non-profit corporation and Acadian HomeCare, Inc. a Louisiana business corporation. The Venture is a person separate and apart from the Hospital, and has its own corporate powers, including the capacity to: (i) have its own name, (ii) sue and be sued and (iii) acquire and alienate property.
 b. The Hospital does not appoint a majority of the Venture's governing body. The Hospital does not have the power to appoint any member of the Venture's governing body. The Company is authorized to appoint only one of two representatives comprising the Venture's governing body, with its representative holding 50 of 100 votes.
 c. The Hospital is not financially accountable for the Venture as a result of fiscal dependency. Neither the Hospital nor the Company is obligated to provide any financial support to the Venture. The Venture's governing body is autonomous and does not require the Hospital's approval of its budget or its rates or charges. Moreover, the Hospital cannot unilaterally: (i) approve or modify the budget or (ii) set rates or charges. The Venture is not authorized to levy taxes, or issue bonded debt.
 d. In the Hospital CPA's professional judgement, the Venture should not be included in the reporting entity because, due to the nature and significance of its relationship with the Hospital, its exclusion does not render the financial statements incomplete or misleading. The Hospital's CPA is of the opinion that "exclusion of the Venture as a component unit of the Hospital will not cause the Hospital's financial statements to be incomplete or misleading." The CPA states that "the Venture is not a component unit of the Hospital, but reported in the Hospital's financial statement as a joint venture in which there is an equity interest, as provided in Paragraph 73 and 75 of GASB 14."
 e. The Venture is not fiscally dependent on the Hospital or the Company. The Venture has no debt and has never had an operating loss.
 f. The revenues ultimately derived by the Hospital from the Venture constitute less than 5% of its gross revenues.
 g. The Hospital is not able to impose its will on the Venture. Decisions regarding the Venture cannot be vetoed, overruled or modified by the Hospital. No member of the Board of Commissioners of the Hospital serve on the governing body of the Venture. The Company can only remove one of two members of the governing body at will.
 h. Management personnel and the entire staff of the Venture are employees of Acadian, and cannot be appointed, hired, reassigned or dismissed by the Hospital.
 i. Neither the Hospital nor the Company can access any of the Venture's resources. Upon termination of the Venture the Company retains a right to reassume the leased premises subject to any existing lease obligations. GASB-14 clearly notes that an interest in the remaining assets of an entity when liquidated is not considered to provide the government entity with access to the entity's resources.
 j. All Venture operating capital is provided by Acadian. The Hospital is not legally required nor has it assumed the responsibilities to finance the other entity's deficits or financially support the other entity.
 k. The Venture does not provide any services to the Hospital nor does it receive any revenues from the Hospital. All services provided by the Venture are provided to private individuals.
We must consider this additional/corrected information in light of the definition found in R.S. 24:513(A)(1)(b), as follows:
(i) The Venture was not created by a political subdivision or agency of the State, nor a special district or authority or a unit of local government. The Venture was created by the Company, a non-profit corporation created by the District, a political subdivision of the State. [R.S. 24:513(A)(1)(b)(i)].
(ii) The Venture is not a component unit of a governmental reporting entity, as defined under generally accepted accounting principles. [R.S.24:513(A)(1)(b)(ii)].
(iii) The Venture, while created to perform a public purpose, does not have one or more of the following characteristics:
(aa) The governing body is elected by the general public.
 (bb) A majority of the governing body is appointed by or authorized to be appointed by a governmental entity or individual governmental official as a part of his official duties.
 (cc) The entity is the recipient of the proceeds of an ad valorem tax or general sales tax levied specifically for its operations.
 (dd) The entity is able to directly issue debt, the interest on which is exempt from federal taxation.
 (ee) The entity can be dissolved unilaterally by a governmental entity and its net assets assumed without compensation by that governmental entity. [R.S. 24:513(A)(1)(b)(iii)].
(iv) The Venture does not receive and/or expend in excess of twenty-five thousand dollars in local and/or state assistance in any fiscal year. Assistance shall include grants, loans, transfers of property, awards, and direct appropriations of state and/or local public funds. Assistance shall not include guarantees, membership dues, vendor contracts for goods and services related to administrative support for a local or state assistance program, assistance to private or parochial schools, assistance to private colleges and universities, or benefits to individuals. [R.S. 24:513(A)(1)(b)(iv)].
Based upon the additional and corrected information you supplied this office, it is the opinion of this office that the Venture is not a quasi public agency for purposes of R.S. 24:513.
Trusting that this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: May 16, 2003
MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL
[1] We defer to the Hospital's CPA in determining whether the Venture is a component unit of the Hospital. We are not qualified, nor do we have sufficient first hand information, to make such a determination.